1  Patricia Rodriguez Esq., SBN 270639
   **RODRIGUEZ LAW GROUP, INC.**
2  1055 E. Colorado Blvd., Suite 500
3  Pasadena, CA 91106
   Office Phone: (626) 888-5206
4  Fax: (626) 282-0522
   Email: Prod@attorneyprod.com
5
6  Attorney for Plaintiff,
   Anthony Perez
7
8                  **UNITED STATES DISTRICT COURT**
9                   **CENTRAL DISTRICT OF CALIFORNIA**

| ANTHONY PEREZ, an individual | Case No.: |
|---|---|
| Plaintiff, | **VERIFIED COMPLAINT FOR DAMAGES & EQUITABLE RELIEF:** |
| vs. | |
| ORANGE COUNTY SHERIFFS DEPARTMENT a municipality; COUNTY OF ORANGE a municipality; AND DOES 1 THROUGH 50, INCLUSIVE, | 1. ASSAULT & BATTERY; |
| | 2. EXCESSIVE USE OF FORCE – UNREASONABLE ARREST AND SEIZURE/FALSE IMPRISONMENT (42 U.S.C. §1983); |
| Defendants. | 3. FAILURE TO PROPERLY SCREEN AND HIRE; 42 U.S.C. §1983); |
| | 4. FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE; 42 U.S.C. §1983 MONELL; |
| | 5. VIOLATION OF CAL. CIV. CODE §52.1 |
| | 6. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; |
| | 7. NEGLIGENCE / NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS |

1
**VERIFIED COMPLAINT FOR DAMAGES & EQUITABLE RELIEF**

**DEMAND FOR JURY TRIAL**

COME NOW Plaintiff ANTHONY PEREZ (hereinafter "Plaintiff"), by and through his attorney of record, hereby alleging the following based on their personal knowledge and belief:

## COMPLAINT

1. This is a civil rights action seeking monetary damages from Defendants for violating various rights under the United States Constitution and California state law in connection with the illegal entry, search, and seizure of Plaintiff ANTHONY PEREZ property on March 25, 2022, and the wrongful assault, arrest, and detainment of Plaintiff ANTHONY PEREZ on April 1, 2022.

## PLAINTIFF

2. ANTHONY PEREZ is and was at all relevant times herein, an individual residing in Orange County, State of California.

## DEFENDANTS

3. Defendant, COUNTY OF ORANGE (hereinafter "COUNTY") is now, and at all times mentioned in this Complaint was, a municipal corporation and political subdivision organized and exiting under the laws of the State of California and owns, operates, manages, directs and controls the ORANGE COUNTY SHERIFF'S DEPARTMENT, ("OCSD") and operating department of the COUNTY.

4. ORANGE COUNTY SHERIFF'S DEPARTMENT (hereinafter "OCSD") is a non-separable department of the Count of Orange located in the County of Orange, California.

5. At all relevant times, Defendants, are law enforcement officers, present, participating or actively supporting in the wrongful acts as alleged herein.

6. DOES 1-50 are as yet unidentified individuals who knowingly participated in or supported some or all of the wrongful acts as stated herein.

7. DOES 1-10, are unnamed supervisors because the identity has yet to be ascertained. They were Sheriff supervisors of the Individual Defendants on or near the scene and was thus knowingly involved with the violations alleged herein.

8. DOES 11-15 are unnamed supervisors who participated in the training or oversight of the Individual Defendants' wrongful acts as stated herein. They are unnamed because their identity has yet to be ascertained.

9. DOES 16-50 are unnamed because their identities have yet to be ascertained. They participated in the deprivations visited upon Plaintiff, or with full knowledge of the deprivation and the ability to stop the deprivations did not and/or failed to investigate, or participate honestly in the investigation of the allegations of misconduct as alleged herein, and as alleged.

10. Each individually named defendant and each DOE defendant acted under color of state law and within the scope of his or her agency and employment with the County of Orange and its Sheriff's Department. All acts and omissions of the individual Defendants were malicious and intentional, with either the intent to deprive Plaintiff of his constitutional and statutory rights, or in reckless disregard of those rights.

11. Furthermore, Plaintiffs has assumed on information and belief that the only government entity that operates the Orange Sheriff's Department is the County of Orange itself. If it is later determined that another agency operates the Orange County Sheriff's Department, then Plaintiff will substitute the entity as DOE 51.

12. At such times as these individuals are identified, Plaintiffs will seek to substitute the names of those individuals for the currently named DOE defendants.

## JURISDICTION AND VENUE

13. On or Plaintiffs' claims arise out of a course of conduct involving acts by the Sheriff's Department for Orange County, with its main location located in the County of Orange, and for the acts of officials and its law enforcement officers of the County of Orange and its Sheriff's Department, and/or DOE 1- 51 and its law enforcement officers, with its

headquarters located in the County of Orange, State of California, and within this judicial district. The subject event, and all acts described herein, occurred in the City of Trabuco Canyon, County of Orange, State of California.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. Plaintiffs timely filed the appropriate administrative claims on September 23, 2022, and September 29, 2022. The County has not provided timely notice of its acceptance or denial within the requisite time as ascribed by Government Code § § 911, 911.2, and 911.3 thus the claim provisions and time limitations to file suit enunciated in the California Government Tort Claims Act have been followed. A copy of the claims of Plaintiff are attached collectively as Exhibit A.

## FACTS COMMON TO ALL CLAIMS

15. By this reference, Plaintiff allege and incorporate herein each and every allegation set forth in all previous paragraphs of the Complaint.

16. On or about March 25, 2022 OCSD deputies illegally without permission or warrant entered into Plaintiffs home and conducted an illegal search of Plaintiffs home.

17. OCSD claim they were responding to a ADT alarm call from Plaintiffs home which was about 1 to 2 hours before OCSD deputies arrived.

18. Plaintiff is informed and believes and thereon alleges that ADT never gave OCSD authorization to enter into his property by either picking any locks or any other method to enter Plaintiffs home.

19. OCSD never received authorization from Plaintiff to enter his home by picking the locks or any other method to enter Plaintiffs home.

20. OCSD deputies subsequently broke into Plaintiffs home without authorization or warrant to enter the premises.

21. OCSD deputies after illegally gaining entrance into Plaintiffs home search searched bathrooms, bedrooms, cabinets in the bathroom and kitchen, behind pictures hanging on the walls, searching under the guise they were looking for a possible suspect who may have

4
**VERIFIED COMPLAINT FOR DAMAGES & EQUITABLE RELIEF**

entered the property.

22. On or about April 1, 2022 Anthony Perez became the target of Law enforcement excessive violence.

23. On said date Plaintiff was home with his wife and minor children unbeknownst to him that he would be traumatized by OCSD deputies.

24. OCSD deputies were called to his home due to a domestic dispute between Plaintiff and his wife. There was no physical altercation between Plaintiff and his wife, and no instances of violence between Plaintiff and his wife. There was no cause for OCSD deputies to escalate the matter any further.

25. At the initial response 5 OCSD deputies responded to Plaintiffs home and subsequently 2 to 3 more came to the home in response to this call.

26. Upon OCSD deputies' arrival they spoke with Plaintiffs wife outside but entered the home without Plaintiffs authorization and engaged Plaintiff in the home.

27. Plaintiff at no time invited or authorized the OCSD deputies to enter his domicile.

28. One OCSD deputy enter Plaintiffs home looking for a charger for Plaintiffs phone as the battery was dead in the phone.

29. OCSD deputies were looking to access Plaintiffs phone information without Plaintiffs, consent, authorization and failing to have a warrant to do so.

30. OCSD deputies began to antagonize Plaintiff as he feared for his life, as OCSD deputies told Plaintiff to "get down on his knees and say his hail Mary's."

31. As OCSD deputies had Plaintiff on his knees Plaintiff began to beg for his life, as he feared OCSD deputies would take action against him and possibly kill him.

32. OCSD deputies were pointing their handguns at Plaintiff although Plaintiff did not pose a threat as he had no weapons, was he combative, nor did he make any threats to OCSD deputies.

33. Additional OCSD deputies would again enter the home searching for Plaintiffs phone charger in an attempt to charge Plaintiffs phone so they could get access to Plaintiff phone

information.

34. Plaintiffs' wife was allowed to leave the property, after Plaintiffs wife left, Plaintiff was ordered by OCSD deputies not to leave his house, nor step outside of the house without providing any reason to Plaintiff for such order.

35. Plaintiff was ordered by OCSD deputies to close his door, stay in the house, and not leave or go outside for a period of 24 hours without providing Plaintiff a reason or under what authority they were issuing such order to Plaintiff.

36. OCSD deputies closed his door, as OCSD deputies began to leave his home, Plaintiff opened his door slipped and fell.

37. OCSD deputies returned restrained Plaintiff and tazed his dog.

38. OCSD deputies took Plaintiffs phone and used his thumb print gain access to Plaintiff phone.

39. OCSD deputies after illegally gaining access to Plaintiffs phone remarked "this guy was busy."

40. Specifically, OCSD deputies after observing Plaintiff slipping on the ground and posing no threat arrested him and tazed his dog, which reasonably caused Plaintiff to fear that he would be harmed.

41. OCSD deputies during the illegal arrest and seizure of Plaintiff, injured Plaintiff further as Plaintiff already had a broken hand caused extensive damage to his broken hand and caused extensive damage to Plaintiffs knee.

42. OCSD deputies after restraining Plaintiff placed him in the back of an unmarked police car and began to have a conversation as to what they were going to do with Plaintiff.

43. OCSD deputies without restraining Plaintiff with a seatbelt at a high rate of speed took Plaintiff to a mental hospital claiming in their official report, and to the hospital that he was a 5150 hold, stating that he claimed that "his family was abducted by aliens." Plaintiff never at anytime made such a claim to the deputies or to anyone at the hospital.

44. OCSD deputies while at the hospital made various threats against Plaintiff and informing

him that it was their word against his.

45. Plaintiff alleges and thereon believes that the OCSD deputies during these exchanges at Plaintiffs home, and at the hospital OCSD deputies turned off their body cam and audio recordings to hide their nefarious actions against Plaintiff.

## FIRST CAUSE OF ACTION
ASSAULT & BATTERY
(Asserted against Orange County Sheriff's Department )

46. Plaintiffs hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 45, inclusive, above, as if set forth full herein.

47. As outlined in detail above, Defendants assaulted Plaintiff by engaging in actions that intended to harm him, in which response to which Plaintiff reasonably believed that he would be harmed and was in fact harmed.

48. Defendant OCSD deputies Does 1-10 and 16-50 forcefully grabbed unlawfully arrested Plaintiff and detained him against his will amounting to false imprisonment and offensive touching.

49. Specifically, OCSD deputies after observing Plaintiff slipping on the ground and posing no threat arrested him and tazed his dog, which reasonably caused Plaintiff to fear that he would be harmed.

50. OCSD deputies during the illegal arrest and seizure of Plaintiff, injured Plaintiff further as Plaintiff already had a broken hand caused extensive damage to his broken hand and caused extensive damage to Plaintiffs knee.

51. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned defendants, Plaintiffs suffered and will continue to suffer severe mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiff to sustain damages in a sum to be determined at trial.

52. COUNTY, OCSD, and DOE 51 are vicariously liable pursuant to Cal. Gov't Code § 815.2(a).

53. The aforementioned acts of all Defendants were willful, wanton, malicious and oppressive, with reckless disregard for, with deliberate indifference to, and with the intent to sadistically subjected Plaintiffs to pain, and suffering, entitling Plaintiffs to exemplary and punitive damages against Defendants in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**
EXCESSIVE USE OF FORCE – UNREASONABLE ARREST AND SEIZURE/FALSE IMPRISONMENT (42 U.S.C. §1983);
(Asserted against Orange County Sheriffs Department)

54. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 53, inclusive, above, as if set forth in full herein.

55. Defendant used force, including deadly force, to arrest and/or detain Plaintiff. Defendants acted under color of law at all times relevant to this complaint.

56. On information and belief, a reasonable law enforcement officer would not have hit, kicked, or forcefully restrained Plaintiff when he posed no threat to Defendants or the Public.

57. As a result, the use of deadly force was excessive and objectively unreasonable under the circumstances. The force was also performed with a deliberate indifference to the safety and welfare of Plaintiff. Defendant's actions thus deprived Plaintiff of his right to be free from the use of excessive force by law enforcement.

58. As a direct and proximate result of Defendants' deprivations and violations of Plaintiff Fourth Amendment rights, Plaintiff has suffered general and special damages according to proof at the time of trial.

59. As a further direct and proximate result of the foregoing, Plaintiff further suffers from depression, nightmares, mental anguish, irritability, anxiety, memory loss, moodiness difficulty sleeping, social withdrawal, tearfulness, and anger.

60. As a further result of the foregoing, Plaintiff is entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

61. In committing the acts described above. Plaintiff is informed and believes Defendants acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages under 42 U.S.C. § 1983 and California Code of Civil Procedure § 337.34 against Defendants in an amount according to proof at time of trial.

### THIRD CAUSE OF ACTION
FAILURE TO PROPERLY SCREEN AND HIRE; 42 U.S.C. §1983);
(Asserted against All Defendants)

62. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 60, inclusive, above, as if set forth in full herein.

63. The COUNTY and DOES 1-25 as a matter of custom, practice and policy, failed to adequately and properly screen and hire Defendant employees.

64. The failure of Defendants, their agents, servants, and employees to properly screen and hire the defendant officers as a matter of policy, custom and practice, in the exercise of their functions. Was deliberately indifferent to the Constitutional rights of Plaintiff and done with conscious disregard for the dangers of harm and injury to Plaintiff and others similarly situated.

65. Due to the acts of Defendants COUNTY and DOES 1-25, the failure to properly screen and hire Deputies and the continued employment of the defendant deputies, a clear and present danger exists to the residents of the COUNTY of Orange.

66. Furthermore, the lack of adequate screening and hiring practices by Defendants evidence a deliberate indifference to the rights of Plaintiff and others in their position.

67. Therefore, these defendants, with deliberate indifference, disregarded a duty to protect the public from official misconduct.

68. The conduct alleged herein violated Plaintiffs rights alleged above which has legally, proximately, foreseeably, and actually caused Plaintiff to suffer general and special damages according to proof at the time of trial.

**VERIFIED COMPLAINT FOR DAMAGES & EQUITABLE RELIEF**

69. As a further direct and proximate result of the foregoing, Plaintiff further suffers from depression, nightmare, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, memory loss, social withdrawal, tearfulness, and anger.
70. Plaintiff is also entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.
71. In committing the acts described above, Plaintiff is informed and believes Defendants and Does 1-25 acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages against Defendant and Does 1-25 in an amount according to proof at the time of trial.

**FOURTH CAUSE OF ACTION**
FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE; 42 U.S.C. §1983 MONELL;
(Asserted against All Defendants)

72. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 71, inclusive, above, as if set forth in full herein.
73. The COUNTY and DOES 1-25 as a matter of custom, practice, and policy, failed to maintain adequate and proper training for deputies and law enforcement personnel in the OCSD necessary to educate the deputies as to the Constitutional right of arrestees, to prevent the consistent and systemic use of excessive force by arresting deputies, and to prevent the excessive force and extra judicial punishment of potential arrestees by deputies.
74. The COUNTY and DOES 1-25 also failed to provide adequate supervision and discipline to deputies and other law enforcement personnel that hold the power, authority, insignia, equipment and arms entrusted to them. Defendants also failed to promulgate and enforce adequate polices and procedures related to alternatives to the use of deadly force, including the Taser, stun-gun, pepper spray, or pepper ball and bean bag guns.
75. Said custom, practice, and policy included a failure to adequately investigate, supervise, and discipline offending deputies that fostered the custom, practice, and policy within the Sheriff's Department which resulted in the wrongful and illegal entry of Plaintiffs home on March 25, 2022, and the forceful attack and disregard of safety of Plaintiff on April 1, 2022.

76. The failure to promulgate or maintain constitutionally adequate policies regarding training was done with deliberate indifference to the rights of Plaintiff and others in his position.

77. The constitutionally infirm lack of adequate training, supervision, and discipline as to the officers and law enforcement personnel in this case cause Plaintiff to suffer general and special damages according to proof at trial.

78. As a further direct and proximate result of the foregoing, Plaintiff further suffers from depression, nightmare, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, memory loss, social withdrawal, tearfulness, and anger.

79. Plaintiff is also entitled to recover reasonable costs and attorney fees under 42 U.S.C. § 1988.

80. In committing the acts described above, Plaintiff is informed and believes Defendants and Does 1-25 acted with oppression, fraud, or malice, entitling Plaintiff to an award of punitive damages against Defendant and Does 1-25 in an amount according to proof at the time of trial.

**FIFTH CAUSE OF ACTION:**
VIOLATION OF CAL. CIV. CODE §52.1
(Asserted Against All Defendants)

81. Plaintiffs hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 80, inclusive, above, as if set forth in full herein.

82. Plaintiffs have protections under California Civil Code Section 52.1 to be free from the deprivation of any rights, privileges, or immunities secured by the United States and California Constitutions and by any federal or California laws by any agency or individuals whether or not acting under the color of State law. These constitutional rights include, but are not limited to, inalienable rights (Article I, section 1 ), the Right to Free Speech and conduct peaceful protests, due process (Article I, section 7), freedom from unreasonable searches and seizures (Article I, section 13), and privacy.

83. March 25, 2022, Plaintiff claims that, while acting under the color of law, defendants OCSD deputies and DOES 1-50 intentionally interfered with Plaintiff civil rights by illegally

picking the lock to his home and entering without permission or warrant from the court threats, intimidation, or coercion against him and keeping Plaintiff from being secure in his persons, houses, papers and effects, against unreasonable searches and seizures. All acts were done under the orders of the Sheriff Department, Does 1-50.

84. April 1, 2022, Plaintiff claims that, while acting under the color of law, defendants OCSD deputies and DOES 1-50 intentionally interfered with Plaintiff civil rights by using threats, intimidation, arbitrary arrests, malicious prosecution, as well as against unreasonable searches or coercion against him. All acts were done under the orders of the OCSD, Does 1-50.

85. At the time of the threats made against Plaintiff and at his illegal arrest, Plaintiff simple opened his front door and stepped on his porch. Plaintiff stepping out on his porch neither interfered with any legal resident ingress or with the OCSD deputies egress to their vehicles, nor did the Plaintiff seek to, nor did the Plaintiff threaten any of OCSD personnel, or attempted to, or threaten or dissuade, any witness, or person from their lawful duties.

86. On April 1, 2022, the threats, intimidation or coercion, used by defendants OCSD deputies and DOES 1-50, while acting under the color of law, caused Plaintiff to reasonably believe that if he exercised his right to freedom of speech against being wrongfully detained, and searched that OCSD deputies defendants or other personnel with the Orange County Sheriff's Department and DOES 1-50 would commit violence against him or his property, arrest him (without benefit of probable cause), and that OCSD deputies or other personnel with the OCSD and DOES 1-50 had the apparent ability to carry out the threats.

87. On April 1, 2022, prior to his unlawful arrest and detention, Plaintiff was prevented from exercising his right to free speech by defendants OCSD deputies and DOES 1-50, who used threats, intimidation and coercion. These threats, intimidation, and coercion by defendants was independent from the coercion inherent in the wrongful detention of Plaintiff itself. (Simmons v. Superior Court (2016) 7 Cal.App.5th at p. 1126.)

88. On April 1,2022, while acting under the color of law, defendants OCSD deputies and DOES 1-50, used force and intimidation against Plaintiff and his property to prevent him from exercising his right to freedom of speech to retaliate against Plaintiff for having exercised his rights. All acts were done under the orders of the OCSD, Does 1-50.

89. On April 1, 2022, defendants OCSD, and DOES 1-50 intended to deprive Plaintiff of his enjoyment of the interests protected by the right. All acts were done under the orders of the OCSD, DOES 1-50.

90. On April 1, 2022, defendants OCSD deputies and DOES 1-50 prevented Plaintiff doing something they had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law. *(King v. State of California* (2015) 242 Cal.App.4th 265,294 [195Cal.Rptr.3d 286j, internal citation omitted.)

91. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, defendants OCSD deputies, Sheriff Don Barnes, and DOE 51 employed OCSD deputies and DOES 1-50 as well as maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, policies, practices and customs with deliberate indifference, and in conscious and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiff.

92. The COUNTY, OCSD, and DOE 51 are vicariously liable pursuant to California Government Code§ 815.2(a).

93. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned defendants, Plaintiff was injured in his person. Plaintiff suffered and will continue to suffer severe mental and physical pain, suffering, anguish, fright, nervousness, anxiety; shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiff to sustain damages in a sum to be determined at trial.

94. The aforementioned acts of Defendants, and DOES 1-50 were willful, wanton, malicious and oppressive, with reckless disregard for, with deliberate indifference to, and with the intent to

sadistically subject Plaintiff to pain and suffering - entitling Plaintiff to exemplary and punitive damages against Defendants in an amount to be proven at trial.

95. "Civil Code section 52.1, the Bane Act civil counterpart of [Penal Code] section 422.6, recognizes a private right of action for damages and injunctive relief for interference with civil rights." (In re MS. (1995) 10 Cal.4th 27 698, 715 [42Cal.Rptr.2d 355, 896 P.2d 1365].) Plaintiff intends to seek injunctive relief against the defendants to prevent OCSD personnel from depriving persons of their constitutionally protected civil rights.

### SIXTH CAUSE OF ACTION:
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;
(Asserted Against All Defendants)

96. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 95, inclusive, above, as if set forth in full herein.

97. As outlined in detail above, Defendants intentionally inflicted emotional distress on Plaintiff by engaging in extreme and outrageous behavior that intended to cause Plaintiff emotional distress and/or Defendants acted with reckless disregard of the possibility that Plaintiff would suffer emotional distress. Specifically, Defendants engaged in extreme and outrageous behavior when Defendants dragged Plaintiff to the ground in front of his house, physically detained him for no reason other than Plaintiff stepping outside onto his porch. Defendants as further attempts to torcher Plaintiff tazed Plaintiffs dog who was no threat to Defendants. As a result, Plaintiff did in fact suffer emotional distress, and continue to suffer emotional distress as a result of Defendants' conduct.

98. As a further direct and proximate result of the foregoing, Plaintiff further suffers from depression, nightmare, mental anguish, irritability, anxiety, short-temper, moodiness, difficulty sleeping, memory loss, social withdrawal, tearfulness, and anger.

99. On information and belief, the wrongful acts and conduct of Defendant, as set forth above, was conducted or occurred deliberately, intentionally, knowingly, maliciously, willfully, wantonly, and with conscious and reckless disregard for the rights and safety of Plaintiff,

entitling Plaintiff to an award of exemplary damages as provided by Section 337.34 of the California Code of Civil Procedure.

100. The COUNTY is vicariously liable for the wrongful acts of Defendant pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

**SEVENTH CAUSE OF ACTION:**
NEGLIGENCE / NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Asserted Against All Defendants)

101. Plaintiff, hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 100, inclusive, above, as if set forth in full herein.

102. Plaintiff claims Defendants OCSD and DOES 1-50 owed Plaintiff a duty of due care to conduct themselves reasonably, professionally, and within constitutional limitations. All acts were done under the orders of the OCSD, DOES 1-50.

103. Plaintiff claims Defendant OCSD and DOES 1-50 conduct was outrageous, and unreasonable and that all acts were done under the orders of the OCSD, DOES 1-50.

104. Defendant OCSD and DOES 1-50 negligently caused Plaintiff emotional distress by using excessive force on Plaintiffs' person, wrongfully arresting, searching & seizing Plaintiff in front of his neighbors and friends in his neighborhood.

105. Defendants OCSD and DOES 1-50 acted negligently, and/or with reckless disregard of the probability that Plaintiff would suffer emotional distress.

106. Plaintiff suffered severe emotional distress. Defendants OCSD and DOES 1-50 conduct was a substantial factor in causing Plaintiffs' severe emotional distress.

107. Defendants OCSD and DOES 1-50 knew that Plaintiff was particularly vulnerable to emotional distress being that Plaintiff were assaulted, threatened and arrested in front of neighbors and friends while simply exercising his Rights as to the United States Constitution.

108. Defendants OCSD and DOES 1-50 knew that their conduct would likely result in emotional distress.

109. COUNTY, OCSD, and DOE 51 are vicariously liable pursuant to California Government Code§ 815.2(a).

110. As a direct and proximate result of the aforesaid acts and omissions of the aforementioned defendants, Plaintiff suffered and will continue to suffer severe mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiffs to sustain damages in a sum to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against the Defendants and each of them as follows:

1. For all compensatory damages incurred according to proof;
2. For all consequential damages incurred according to proof;
3. For all special damages according to proof;
4. For all statutory damages applicable to each cause of action;
5. For punitive damages sufficient to punish the Defendants and act as a deterrent to others;
6. For attorney's fees and costs of suit;
7. For such other relief that the court may deem just and proper.

Dated: December 8, 2022                    RODRIGUEZ LAW GROUP, INC.

_____
By: Patricia Rodriguez, Esq.
    Attorney for Plaintiff

## VERIFICATION

State of California       )
                          )
County of Orange          )

I, ANTHONY PEREZ, am the Plaintiff in this action. I have read the foregoing Complaint. I am informed and believe and, on that ground, allege that matters stated therein are true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 8, 2022, Orange, California.


_____
Anthony Perez
Plaintiff